McDONALD, Justice.
The state appeals the trial court’s validation of a bond issue. We have jurisdiction pursuant to article 5, section 3(b)(2), Florida Constitution, and affirm the final judgment.
The Florida Municipal Power Agency (FMPA) is a legal entity organized pursuant to section 163.01, Florida Statutes (1981 & Supp.1982), and part II of chapter 361, Florida Statutes (1981 & Supp.1982), for the purpose of joint acquisition, construction, and ownership of electricity-generating facilities by municipalities and other public entities. Sixteen of FMPA’s twenty-six members are involved in the instant project —FMPA’s purchase of an 8.8% ownership interest in a nuclear power plant (St. Lucie Unit 2) being constructed by Florida Power & Light. To finance its acquisition of the interest, through which it will sell power to its members, FMPA proposes to issue $375,-000,000 in bonds. The circuit court validated the proposed bond issue and concluded that: 1) the project agreements are for a proper public purpose and are authorized by law; 2) the bond issue is for a proper legal purpose, authorized by law, and its costs will be paid solely from pledged funds; 3) the contracts signed by the participants do not violate or impair any of their outstanding debt instruments; and 4) the sales contracts are for a proper public purpose, authorized by law.
On appeal the state alleges that section 163.01 and the various project agreements and contracts are unconstitutional, that various provisions of the agreements and contracts are contrary to law, and that the power sales contracts give priority to this project over outstanding bonds, thereby impairing the security of some of the municipalities’ current bondholders. After examining the record, we find that the state’s contentions merit little discussion.
The legislature adopted the instant statutes for the purpose of further implementing article VII, section 10(d) of the Florida Constitution. §§ 163.01(16)(b), Fla. Stat. (Supp.1982), 361.18(2), Fla.Stat. (Supp. 1982), 361.10, Fla.Stat. (1981). Section 10(d) provides that the prohibition against pledging public credit does not prohibit laws authorizing
a municipality, county, special district, or agency of any of them, being a joint owner of, giving, or lending or using its taxing power or credit for the joint ownership, construction and operation of electrical energy generating or transmission facilities with any corporation, association, partnership or person.
We find that section 163.01 and part II of chapter 361 fulfill a valid public purpose and that the legislature acted within the scope of its authority in enacting these statutes.
At first blush it might appear .that the security of the municipalities’ current bondholders would be a collateral issue and not subject to resolution in a bond validation. McCoy Restaurants, Inc. v. City of Orlando, 192 So.2d 252 (Fla.1980). Subsection 163.01(15)(f)3, Florida Statutes (Supp. 1982), however, provides for the joinder of *1389 the holders of any outstanding debt obligations of any such public agency or legal entity.” FMPA properly joined the current bondholders of the various participants, and, thus, the trial court acted within its jurisdiction in ruling on this point.
We find no error in the trial court’s validation of this bond issue and affirm the final judgment.
It is so ordered.
ALDERMAN, C.J., and ADKINS, BOYD, OVERTON, EHRLICH and SHAW, JJ„ concur.